# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

JEFF DAVIES, MANUELA DAVIES,

                     Plaintiffs,

-vs-                                                Case No. 6:10-cv-1622-Orl-31GJK

ERIC HOLDER, the Attorney General of the United States, JANET NAPOLITANO, the Secretary of the United States Department of Homeland Security, ALEJANDRO MAYORKAS, Direct of the United States Citizenship and Immigration Service, KATHY REDMAN, District Director of the United States Citizenship and Immigration Service, ANDREA QUARANTILLO, Former Acting District Director of the United States Citizenship and Immigration Service, AGENT M. ITALIA, Supervisor, Orlando office of the United States Citizenship and Immigration Service, JOHN and JANE DOES, unidentified agents of the United States Citizenship and Immigration Service

                     Defendants.
_____

## ORDER

This cause came on for consideration without oral arguments on the following motions:

| | |
|---|---|
| **MOTION:** | **MOTION BY THE UNITED STATES TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION, FAILURE TO STATE A CAUSE OF ACTION OR IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT**<br>**(Doc. No. 8)** |
| **FILED:** | **January 24, 2011** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED and the complaint be dismissed with leave to amend.**

| | |
|---|---|
| **MOTION:** | **MOTION BY ANDREA QUARANTILLO AND AGENT M. ITALIA TO DISMISS COMPLAINT FOR FAILURE TO STATE A CAUSE OF ACTION OR IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT**<br>**(Doc. No. 13)** |
| **FILED:** | **February 23, 2011** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED and the complaint be dismissed with leave to amend.**

On November 2, 2011, *pro se* plaintiffs Jeff Davies ("Mr. Davies") and Manuela Davies ("Mrs. Davies") (collectively the "Plaintiffs") filed a complaint (the "Complaint") against Eric Holder, Janet Napolitano, Alejandro Mayorkas, Kathy Redman, Andrea Quarantillo ("Quarantillo"), Agent M. Italia ("Italia"), and unidentified John and Jane Does (collectively, the "Defendants") alleging violations of Plaintiffs' constitutional rights under the Fifth Amendment to the United States Constitution. Doc. No. 1. The Defendants, high level federal officials, agents, and/or employees of the United States Customs and Immigration Service ("USCIS"), are

each sued in their official capacities (the "Official Defendants"). Doc. No. 1 at ¶ 5. Quarantillo, Italia, and the unidentified John and Jane Doe defendants are also sued in their individual capacities (the "Individual Defendants"). Doc. No. 1 at ¶ 5. In the Complaint, Plaintiffs state that this Court has federal question jurisdiction under 28 U.S.C. § 1331 for actions arising under the Fifth Amendment and under 5 U.S.C. § 702, the Administrative Procedures Act (the "APA"). Doc. No. 1 at ¶¶ 6, 104. Plaintiffs request compensatory damages, attorneys' fees, and any other relief the Court deems just. Doc. No. 1 at 1, 48.

## I.     BACKGROUND.

The claims at issue in this case concern Plaintiffs' attempts to make Mr. Davies a lawful permanent resident of the United States from approximately 1990 through 2010, when Mr. Davies was eventually granted permanent lawful residence status. Doc. No. 1 at ¶¶ 7-63.[1] The facts alleged in the Complaint can be summarized as follows. In October 1990, Mr. Davies married Kathryn Jones ("Ms. Jones"), a United States citizen. Doc. No. 1 at ¶¶ 12-13. Shortly after they were married, Ms. Jones filed a Form I-130 application ("I-130") with the USCIS – then known as the Immigration and Naturalization Service – to classify Mr. Davies as an immediate relative based on their marriage. Doc. No. 1 at ¶ 15. Concurrently, Mr. Davies filed a Form I-485 application ("I-485") requesting that the United States Attorney General adjust his immigration status to that of a lawful permanent resident. *Id*. The USCIS conditionally granted Mr. Davies' applications. *Id*.

Mr. Davies and Ms. Jones divorced in 1992. Doc. No. 1 at ¶ 16. As a result, the USCIS terminated Mr. Davies' conditional lawful resident status. Doc. No. 1 at ¶18. In October of

---

[1] Mrs. Davies became a naturalized citizen in 1999. Doc. No. 8 at 3.

1992, Mr. Davies was detained by Border Patrol agents, his green card was "confiscated," and he was told that he must leave the United States within thirty (30) days. Doc. No. 1 at ¶ 19. Mr. Davies was told by the agents that Ms. Jones had filed a report stating that their marriage had been a sham. Doc. No. 1 at ¶ 19. After conducting an investigation, the agents released Mr. Davies, telling him that Ms. Jones's report was "untruthful and malicious." *Id*. Based upon the agents' advice, Mr. Davies applied for a waiver of the two-year marriage requirement. *Id*. USCIS interviewed Mr. Davies in 1993, and he was asked to provide additional documentation unrelated to his marriage to Ms. Jones. *Id*. at ¶ 20.

In December of 1993, the Plaintiffs married. Doc. No. 1 at ¶ 21. At the time of their wedding, Mrs. Davies was not a United State citizen. *Id*. At some point between 1994 and 1999, Mrs. Davies became a naturalized citizen. *See* Doc. Nos. 1 ¶ 22; 8 at 3. In July of 1994, USCIS informed Mr. Davies that his application for a waiver of the two-year marriage requirement had been denied, there was no avenue to appeal the decision, but he could challenge the decision in removal proceedings. Doc. No. 1 at ¶ 23. Thereafter, USCIS began removal proceedings "related solely to the termination of [Mr. Davies'] prior marriage prior to the expiration of the statutory conditional period of 2 years and no allegations of misconduct, marriage fraud or infringement of immigration laws were made." Doc. No. 1 at ¶ 24.

In 1995, USCIS informed Mr. Davies that he was free to remain in the United States indefinitely and it would not pursue removal proceedings. Doc. No. 1 at ¶ 25. Mr. Davies was also told that it may take several years for the USCIS to formally process his I-485 application to adjust his lawful permanent resident status. *Id*. As a result, Plaintiffs began building a home. *Id*. at ¶ 26.

In 1999, Plaintiffs sought an update from USCIS as to Mr. Davies' status. Doc. No. 1 at ¶ 27. USCIS stated that the file "could either not be located or accessed." *Id*. On April 30, 1999, Mr. Davies filed a Freedom of Information Act Request ("FOIA") to obtain "details of his . . . file." *Id*. at ¶ 28. Pursuant to his request, USCIS produced 15 pages of documents, which it claimed were all of the documents relating to Mr. Davies' I-485 application. Doc. No. 1 at ¶ 29. Mr. Davies filed a number of further FOIA requests because "it was clear that a considerable amount of documentation had not been provided." Doc. No. 1 at ¶ 29. Thereafter, on the advice of USCIS, Plaintiffs filed new I-130 and I-485 applications. *Id*. at ¶ 30.

In November of 2000, Plaintiffs were interviewed by USCIS. Doc. No. 1 at ¶ 31. USCIS informed Plaintiffs that it "did not have jurisdiction to approve a petition where one of the parties had been determined to have committed marriage fraud." Doc. No. 1 at ¶ 31. An "examiner" informed Plaintiffs that the Mr. Davies' file contained a "determination that [Mr. Davies] . . . had committed marriage fraud." Doc. No. 1 at ¶ 31. The "examiner" refused to explain the determination, provide a copy of the finding, or disclosure any details. *Id*.[2] Plaintiffs were told that a final decision on their applications could take "months" and "it was highly unlikely that [they] would be approved." *Id*.

In May of 2001, Plaintiffs were told via USCIS's website that it would take "between 30 and 60 days for us to process this kind of case." Doc. No. 1 at ¶ 34. Over the course of the next

---

[2] Thereafter, Mr. Davies filed another FOIA request asking for details concerning the allegations of marriage fraud. *Id*. at ¶ 32. On January 12, 2001, USCIS "confirmed that they had located 130 pages of further documentation in [Mr. Davies'] file and these would be provided." Doc. No. 1 at ¶ 33. Over the next two years USCIS continued to produce further, but incomplete, documentation in response to Mr. Davies' FOIA requests. Doc. No. 1 at ¶¶ 35. On February 2, 2002, Mr. Davies filed an administrative appeal regarding his FOIA requests. Doc. No. 1 at ¶ 37. On August 5, 2002, the FOIA administrative appeal "was denied on the grounds that documents not provided were protected from disclosure as . . . agency communications or records complied [sic] for law enforcement purposes." Doc. No. 1 at ¶ 38.

5

5 years, Plaintiffs received a number of notifications from USCIS stating: delays in processing; delays in the approval; the applications had been approved but there were delays in processing; the file had been lost; and delays in issuing Mr. Davies' permanent residency card. Doc. No. 1 at ¶ 34. On May 1, 2006, Plaintiffs were provided a "Notice of Intent to Deny Visa Petition," based on Mr. Davies having "attempted or conspired to enter into a fraudulent marriage in relation to his marriage to Ms. Jones in 1990 and that the burden of proof was upon . . . [Mrs. Davies] . . . to establish that [Mr. Davies] . . . did not seek to obtain legal immigration status based on a prior fraudulent marriage." Doc. No. 1 at ¶ 39. Plaintiffs provided a written response to the notice, but on May 25, 2006, USCIS formally denied the I-130 and I-485 applications. Doc. No. 1 at ¶¶ 40-41. Mr. Davies' "employment authorization" was revoked, and he was advised that he was not permitted to "make temporary trips overseas" for business, to establish a residence, or to visit his daughters in England. *Id*. at ¶ 41. Plaintiffs requested that USCIS review its decision and, approximately one year later, USCIS reversed its decision to revoke Mr. Davies' employment authorization, but not the restriction on overseas travel. *Id*. at ¶ 42. Plaintiffs state that Mr. Davies' business required international travel and that restriction caused significant financial hardship, forcing him into premature retirement. *Id*.

On September 19, 2006, in Case No. 6:06-cv-1436-Orl-31UAM, Plaintiffs filed a complaint in this Court requesting an order requiring USCIS to approve the I-130 and I-485 applications. Doc. No. 1 at ¶ 43. On July 23, 2007, the Court granted summary judgment in favor of Defendants, finding that it lacked subject matter jurisdiction to review the discretionary decisions of the United States Attorney General and USCIS. Doc. No. 1 at ¶ 44; *see also* Doc.

No. 42 in Case No. 6:06-cv-1436-Orl-31UAM.³  Plaintiffs appealed to the Eleventh Circuit Court of Appeals.  Doc. No. 1 at ¶ 44.

While the appeal was pending in the Eleventh Circuit, Mrs. Davies appealed the denial of her I-130 application to the Board of Immigration Appeals (the "Board").  Doc. No. 1 at ¶ 45.  The Board informed Mrs. Davies that the appeal could take as long as one year, but no decision has been issued.  *Id*. at ¶ 45.  On April 17, 2007, USCIS initiated removal proceedings against Mr. Davies for marriage fraud.  *Id*. at ¶ 46.  On January 24, 2008, the removal proceedings were dismissed because USCIS failed to present any evidence at the hearing.  *Id*. at ¶ 47.  On March 7, 2008, USCIS "filed a motion with [the] Immigration Court requesting the opportunity to present substantial and probative evidence . . . that Mr. Davies had attempted or conspired to commit marriage fraud."  Doc. No. 1 at ¶ 48.  Mr. Davies requested a hearing on the motion to reopen removal proceedings, but the proceedings were reinstituted without a hearing.  *Id*.  Mr. Davies made several requests for the evidence USCIS would rely upon at the removal hearing, but the evidence was never provided.  Doc. No. 1 at ¶ 49.  The removal hearing was continued several times at USCIS's request.  Doc. No. 1 at ¶¶ 50-53.  On July 15, 2008, after USCIS presented its evidence, "the Immigration Judge announced that he would be dismissing the proceedings and stated that [USCIS] had 'not presented a shred of evidence.'"  *Id*. at ¶ 54.  On August 14, 2008, USCIS appealed the decision, but later withdrew its appeal.  *Id*. at ¶¶ 56-58.  Thereafter, USCIS advised Plaintiffs they would have to renew their I-130 and I-485 applications and pay fees of $1,000.00.  *Id*. at ¶ 59.

---

³ In Case No. 6:06-cv-1436-Orl-31UAM, the Court also found that it lacked subject matter jurisdiction under the APA because Mr. Davies failed to exhaust his administrative remedies.  Doc. No. 42 at 6-8.

On April 2, 2009, USCIS informed Plaintiffs that it would grant Mr. Davies' I-485 application "without requiring further documentation or fees." *Id*. at ¶ 61.  On April 5, 2009, the Eleventh Circuit dismissed Plaintiffs' appeal as moot.  *Id*. at ¶ 62.[4]  On June 30, 2009, Mr. Davies was granted permanent legal resident status.  *Id*. at ¶ 63; *see also* n. 4.

## II.  CLAIMS.

In the Complaint, Plaintiffs raise claims directly under the due process and liberty clauses of the Fifth Amendment of the United States Constitution.  Doc. No. 1 at ¶¶ 64-100, 103.

### A.  Fifth Amendment - Liberty.

Plaintiffs' allege that their Fifth Amendment right to liberty has been deprived by USCIS: wrongfully denying Mr. Davies' I-485 application; initiating removal proceedings against Mr. Davies based on a prior sham marriage after informing Mr. Davies there was nothing improper with Mr. Davies' prior marriage and that he could remain in the United States indefinitely; advising Mrs. Davies that "she had to leave the United States if she wished to maintain a marital relationship with [Mr. Davies]"; and prohibiting Mr. Davies from engaging in employment within the United States or traveling overseas for business.  Doc. No. 1 at ¶¶ 65-72.  As a result of these alleged liberty deprivations, Plaintiffs state that they have suffered severe emotional distress, strain on their marriage, and significant economic loss.  Doc. No. 1 at ¶¶ 65, 67, 69-72.  Plaintiffs request compensatory damages.  Doc. No. 1 at 1 ¶ 1, 48.

### B.  Fifth Amendment - Due Process.

Plaintiffs allege that their Fifth Amendment right to due process has also been deprived by USCIS: failing to provide Mr. Davies with documentation of the Border Patrol's 1992

---

[4] The appeal was actually dismissed on April 5, 2010.  *See* Case No. 6:06-cv-1436-Orl-31UAM at Doc. No. 46.

investigation of Mr. Davies' prior marriage, including the intentional suppression of evidence; deciding not to hold a removal hearing in 1994, which precluded Plaintiffs from rebutting the allegation of marriage fraud; not holding a removal hearing for approximately fifteen (15) years; harassing and threatening Mr. Davies with deportation; deliberately depriving Plaintiffs of the opportunity to contest and seek review of USCIS's decisions and processes; failing to follow its own regulations; and depriving Mr. Davies of "his constitutionally-guaranteed right to employment and to travel freely." Doc. No. 1 at ¶¶ 73-100. Plaintiffs also allege that they were deliberately denied due process by a USCIS supervisor who demonstrated personal animosity towards them. Doc. No. 1 at ¶ 100.[5]  Plaintiffs state that they suffered severe mental and financial distress as a result of being denied due process. Doc. No. 1 at ¶ 98. Plaintiffs request compensatory damages. Doc. No. 1 at 1, 48.

### C. APA.

In paragraph number 104 of the Complaint, Plaintiffs also request that the Court award compensatory damages under the APA for USCIS's arbitrary and capricious violation of its own regulations in denying Plaintiffs' I-130 and I-485 applications. *Id*.

## III. CONSTRUCTION OF CLAIMS.

In the Complaint, Plaintiffs' stated bases for subject matter jurisdiction are 28 U.S.C. § 1331, the Fifth Amendment, and the APA. Doc. No. 1 at ¶¶ 6, 103-104. The text of the Fifth Amendment does not specifically provide a private cause of action for damages. Nevertheless, the Court construes the claims as implied Fifth Amendment claims pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) (holding there is

---

[5] Plaintiffs do not directly name the supervisor in the Complaint. *See* Doc. No. 1 at ¶ 100.

an implied private cause of action for damages for a violation of citizen's constitutionally protected rights under the Fourth Amendment) and *Davis v. Passman*, 442 U.S. 228, 229-230 (1979) (extending *Bivens* claims to a cause of action and damages remedy for violations of the Fifth Amendment).[6]

## IV.  MOTIONS.

On January 24, 2011, the United States (the "Government"), on behalf of the Official Defendants, filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction, Failure to State a Cause of Action or in the Alternative, For a More Definite Statement (the "Officials' Motion"). Doc. No. 8. The Official Defendants assert that the Complaint should be dismissed because: 1) the Court lacks subject matter jurisdiction over them because Plaintiffs' *Bivens* claims may not be maintained against the United States, its agencies and its officials or employees in their official capacity; and 2) the Complaint fails to state a claim under the APA. Doc. No. 8 at 4-5. Alternatively, the Official Defendants request that Plaintiffs be required to provide a more definite statement of their claims because Plaintiffs do not state their claims separately, indentify causes of action, or state which of the Official Defendants are sued in each discrete cause of action. Doc. No. 8 at 4-5.

On February 15, 2011, Plaintiffs filed a response (the "Response") to the Officials' Motion. Doc. No. 12. In the Response, Plaintiffs generally state "<u>they have sued the United States</u> in reliance on the theory, long-sustained by the Supreme Court, that federal courts have the power to grant relief – even if not expressly authorized by statute." *Id*. at ¶ 2 (emphasis

---

[6] The Complaint only alleges violations of Plaintiffs' rights under the Fifth Amendment. Therefore, the Court declines to construe the claims under the Federal Tort Claims Act, 28 U.S.C. § 1346(b) (the "FTCA"), because constitutional torts are not cognizable under the FTCA. *Federal Deposit Insurance Corporation v. Meyer*, 510 U.S. 471, 477-478 (1994).

10

added).  Plaintiffs acknowledge that that have sued Quarantillo, Italia, and other unknown employees of USCIS in their individual capacities, but state that "Plaintiffs do not . . . have to make a choice as to whether they are suing the United States or it employees." *Id*. at ¶ 4 (citing *Carlson v. Green*, 446 U.S. 14, 18-19 (1980) for the proposition that FTCA and *Bivens* actions are parallel and complementary causes of action).  Plaintiffs assert that this Court has jurisdiction to "review <u>constitutional claims</u> arising from a request to adjust status."  Doc. No. 12 at ¶ 11 (emphasis added).  Plaintiffs also state the Court has the jurisdiction under the APA to review final agency denying Mrs. Davies' I-130 application on May 25, 2006.  Doc. No. 12 at ¶¶ 14-16.  Plaintiffs assert that the "Defendants' final agency action should be set aside on all of the above grounds and, as a natural consequence, should be liable for the damage that its action produced." *Id*. at ¶ 15.  Plaintiffs maintain that the Complaint provides a "narrative of the facts and then, separately explain[s] how those facts relate to legal claims made in respect of one or both Plaintiffs," but they "will be happy to amend the Complaint . . . following discovery at which time they will be in full possession of the facts that they need to fully plead their respective case." Doc. No. 12 at ¶¶ 24-25.  Plaintiffs acknowledge that "[f]undamentally, this entire case is centered squarely on whether [Mr. Davies'] prior marriage was fraudulent and whether USCIS followed its own regulations and legal requirements in making a determination that it was." Doc. No. 12 at 11.  Thus, Plaintiffs request that the Officials' Motion be denied.

On February 23, 2011, Quarantillo and Italia, the Individual Defendants, filed a Motion to Dismiss Complaint for Failure to State a Cause of Action or in the Alternative, for a More Definite Statement (the "Individuals' Motion").  Doc. No. 13.  Pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, the Individual Defendants maintain that the Compliant should be

dismissed for failure to state a cause of action because it alleges no specific facts showing that Quarantillo, Italia, or the unnamed agents violated Plaintiffs' constitutional rights under the Fifth Amendment. Doc. No. 13 at 5-6. The Individual Defendants assert that "the [C]omplaint merely states that the Individual Defendants have violated the Plaintiffs' Fifth Amendment rights," which is "conclusory and utterly lacking in plausible facts" sufficient to state a claim against them. Doc. No. 13 at 5. The Individual Defendants also maintain that the Complaint should be dismissed because the United States Supreme Court has not extended *Bivens* claims to allegations of Fifth Amendment violations in the processing of I-130 or I-485 applications. Doc. No. 13 at 6-9. Alternatively, the Individual Defendants request that Plaintiffs be directed to file a more definite statement because the Complaint is so vague they cannot reasonably frame a responsive pleading. Doc. No. 13 at 9-10 (citing *Shoemaker v. Phillips & Cohen Associates, Ltd.*, 2008 WL 4426641 at *1 (M.D. Fla. Sept. 25, 2008)). According to the Individual Defendants, "Plaintiffs have identified [them] as Defendants in this case, but have failed to state why the Individual Defendants are sued, what they allegedly did to injure the Plaintiffs, or what relationship the Individual Defendants have to any of the facts that Plaintiffs have alleged." Doc. No. 13 at 10. Thus, the Individual Defendants request that the Complaint be dismissed and/or Plaintiffs be directed to file a more definite statement.

Plaintiffs did not file a response to the Individuals' Motion.

## V.   STANDARD OF REVIEW.

### A.   Rule 12(b)(1) Motion to Dismiss.

"Federal courts are courts of limited jurisdiction." *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701 (1982). Subject-matter jurisdiction is set

forth in Article III, Section 2, Clause 1 of the Constitution, and is further limited to those subjects granted by Congress through statutes. *Id*. at 701-702. "A district court must dismiss an action if it determines at any time that it lacks subject-matter jurisdiction." *Stewart v. Lastaiti*, 409 Fed.Appx. 235, 236 (11th Cir. 2010) (unpublished) (internal quotations and citations omitted).[7] The plaintiff has the burden to establish that Court has subject matter jurisdiction. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Although courts are "obligated to liberally construe a *pro se* complaint, that obligation 'is not the equivalent of a duty to re-write it for the plaintiff.'" *Id*. at 236 (quoting *Snow v. DirecTV, Inc.*, 450 F.3d 1314, 1320 (11th Cir. 2006)).

There are two types of challenges to the Court's subject matter jurisdiction: facial and factual. *Lawrence v. Dunbar*, 919 F.2d 1525, 1528-29 (11th Cir. 1990). In *Morrison v. Amway Corp.*, 323 F.3d 920, 924-25 n.5 (11th Cir. 2003), the Eleventh Circuit explained:

> Facial attacks challenge subject matter jurisdiction based on the allegations in the complaint, and the district court takes the allegations as true in deciding whether to grant the motion. Factual attacks challenge subject matter jurisdiction in fact, irrespective of the pleadings. In resolving a factual attack the district court may consider extrinsic evidence such as testimony and affidavits.

*Id*. Thus, a facial attack is based solely on the allegations in the complaint, and a court must accept as true those allegations when considering a motion to dismiss. The Officials' Motion presents a facial challenge to the Court's subject matter jurisdiction. Accordingly, the Court must accept the allegations in the Complaint as true.

### B. Rule 12(b)(6) Motion to Dismiss.

Pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, a complaint may be dismissed for failure to state a claim upon which relief can be granted. *Id*. A court must accept

---

[7] In the Eleventh Circuit, unpublished decisions are not binding, but are persuasive authority.

13

all factual allegations in the complaint as true and read them in the light most favorable to the Plaintiff. *Erickson v. Pardus*, 127 S.Ct. 2197, 2199 (2007); *Christopher v. Harbury*, 536 U.S. 403, 406 (2002). To satisfy the Rule 8 pleading requirements, a complaint must contain a short and plain statement showing an entitlement to relief, and the statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). While the Rule 8 pleading standard does not require detailed factual allegations, it demands more than labels, conclusions, or a formulaic recitation of the elements of a cause of action. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555-56). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Twombly*, 550 U.S. at 555. A complaint must "state a claim for relief that is plausible on its face" and not merely conceivable. *Iqbal,* 129 S. Ct. at 1950-51. "Determining whether a complaint states a plausible claim for relief will . . . be a context specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 1950.

## VI. ANALYSIS.

### A. Official Defendants.

The Official Defendants assert that this Court lacks subject matter jurisdiction over Plaintiffs' claims against them in their official capacity. Doc. No. 8. In *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971), the United States Supreme Court held that an individual injured by a federal official or agent's alleged violation of the Fourth Amendment has an implied cause of action for damages against the official or agent in their personal capacity. Although *Bivens* claims have been extended to violations of the Fifth

Amendment (*see Davis*, 442 U.S. at 229-230), the United States Supreme Court has stated that "we implied a cause of action against federal officials in *Bivens* in part because a direct action against the Government was not available." *FDIC v. Meyer*, 510 U.S. 471, 485 (1994). "It must be remembered that the purpose of *Bivens* is to deter the officer." *Meyer*, 510 U.S. at 485 (citing *Carlson v. Green*, 446 U.S. 14, 21 (1980) ("Because the *Bivens* remedy is recoverable against individuals, it is a more effective deterrent than the FTCA remedy against the United States")). In *FDIC v. Meyer*, 510 U.S. 471, 486 (1994), the United States Supreme Court held that there is no cause of action and, therefore, no subject matter jurisdiction for *Bivens* claims against the United States, its agencies, officials, or employees in their official capacity. *See also Bevan v. Steele*, 2011 WL 778202 at *1 n. 3 (11th Cir. Mar. 7, 2011) ("[T]he Supreme Court has held that *Bivens* claims do not extend to federal officers in their official capacity and are barred by sovereign immunity."). Because the Complaint raises *Bivens* claims against the Official Defendants in their official capacity, those claims must be dismissed for lack of subject matter jurisdiction. Doc. No. 1; *see also* Doc. No. 12 at ¶ 2 (Plaintiffs stating that they have sued the United States). Accordingly, it is recommended that the Court grant the Officials' Motion (Doc. No. 8) and dismiss the claims against them for lack of subject matter jurisdiction.

    **B. Individual Defendants.**

In the Complaint, Plaintiffs also sue Quarantillo, Italia, and unnamed agents in their individual capacity. Doc. No. 1. While these are *Bivens* claims, the allegations in the Complaint are not clearly articulated. The Complaint fails to identify any facts or allegations directed specifically against Quarantillo, Italia, or the unnamed agents. Doc. No. 1. Instead, the Complaint provides lengthy, but vague or conclusory allegations directed at the Government,

15

USCIS, the Board of Immigration Appeals, and the Border Patrol. Doc. No. 1. Thus, the Complaint fails to state a *Bivens* cause of action against Quarantillo, Italia, and the unnamed agents in their personal capacity. Accordingly, it is recommended that the Court grant the Individual's Motion (Doc. No. 13) and dismiss the complaint against them pursuant to Rule 12(b)(6).

### C. APA.

In the last paragraph of the Complaint, Plaintiffs assert that the Court has subject matter jurisdiction over their claims under the APA. Doc. No. 1 at ¶ 104. Plaintiffs' sole prayer for relief in this case is money damages. Doc. No. 1 at 1. However, the district court's jurisdiction under the APA does not extend to claims for money damages. *See* 5 U.S.C. § 702 (district court jurisdiction under the APA is limited to actions "seeking relief other than money damages"); *Sarasota v. Environmental Protection Agency*, 799 F.2d 674, 680 (11th Cir. 1986) (same). Accordingly, to the extent the Complaint asserts subject matter jurisdiction under the APA for money damages, it is recommended that the Court dismiss the Complaint as to all Defendants.[8]

### VII. CONCLUSION.

Based on the forgoing, it is **RECOMMENDED** that the Court:

1. **GRANT** the Officials' Motion (Doc. No. 8);

2. **GRANT** the Individuals' Motion (Doc. No. 13); and

3. Provide Plaintiffs an opportunity to file an amended complaint within twenty-one (21) days, which complies with the following directives:

---

[8] Plaintiffs' claims under the APA also appear moot. In the Complaint, Plaintiffs request that the Court review the denial of Mrs. Davies' I-130 application in 2006. Doc. No. 1 at ¶¶ 86, 104; *see also* Doc. No. 12 at ¶¶ 14. However, as set forth in the Complaint, Mr. Davies' status was adjusted to permanent legal resident in 2009 or 2010, which would render any review of the 2006 denial moot. Doc. No. 1 at ¶ 63.

a. Plaintiffs shall name as defendants only those agencies, officials, agents, employees, or persons who are responsible for the alleged constitutional, statutory, common law, or other violations asserted;

b. Plaintiffs shall specifically allege the basis upon which the Court has subject matter jurisdiction over each defendant for each claim asserted;

c. Plaintiffs must state what rights under the Constitution, laws, or treaties of the United States or otherwise have allegedly been violated by each specific defendant (it is improper for Plaintiffs to merely list constitutional rights or federal rights);

d. Plaintiffs shall set forth each legal claim in a separate count and identify which defendants are sued in each count;

e. Plaintiffs must set short plain statement of the facts as to each claim and each defendant's involvement in the conduct alleged in each claim;

f. Plaintiffs must describe how each of them has been damaged by each defendant's actions and/or omissions; and

g. Plaintiffs must set forth a clear statement of the relief sought for each claim.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**RECOMMENDED** in Orlando, Florida, on June 2, 2011.

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Parties

GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE